# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20740

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2014

UNITED STATES OF AMERICA,

Plaintiff-Appellee

Lyle W. Cayce
Clerk

v.

ODIS LEE JACKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1503
USDC No. 4:02-CR-373-4

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

In April 2003, Odis Lee Jackson, federal prisoner # 15806-179, was convicted by jury verdict of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and possession with intent to distribute 50 grams or more of cocaine base. He was sentenced to a total term of life imprisonment and ten years of supervised release. In March 2005, Jackson filed in the district court a 28 U.S.C. § 2255 motion that was denied. In May

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20740

2013, he filed another § 2255 motion, which the district court dismissed as an unauthorized successive § 2255 motion. He now seeks a certificate of appealability (COA) to appeal from that dismissal.

This court may not grant a COA unless Jackson demonstrates that jurists of reason would find it debatable that the district court properly dismissed his application as an unauthorized successive § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Because he has failed to make that showing, his motion for a COA is DENIED. To the extent that he seeks authorization pursuant to 28 U.S.C. §§ 2244(b)(3)(A), 2255(h) to file a successive § 2255 motion in district court, we DENY that request because his motion does not rely upon evidence or law that meets the standards set forth in § 2255(h). We DENY his motion to amend and/or supplement his COA motion because he seeks to raise an argument for the first time. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003) (holding that we generally do not consider claims raised for the first time in a COA application filed in this court). His motions for appointment of counsel and for judicial notice are also DENIED.